Nicole Sheth, Esq. / SBN 253515
**KAUFMAN BORGEEST & RYAN LLP**
21700 Oxnard Street, Suite 1450
Woodland Hills, California 91367
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Plaintiff
Allied World Surplus Lines Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Allied World Surplus Lines Insurance Company<br><br>Plaintiff,<br><br>vs.<br><br>Arya Security Services, Inc.<br><br>Defendant. | Case No. 5:24-cv-1703<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** |

---

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

1. Plaintiff ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (hereinafter "Allied World") is a corporation domiciled in the State of Arkansas, and at all relevant times herein has been authorized to conduct business in the State of California.

2. Upon information belief, Defendant ARYA SECURITY SERVICES (dba United Security Services) ("Arya") is a California corporation with its principal place of business located in the County of Riverside, State of California.

## JURISDICTION AND VENUE

3. Jurisdiction in this case is based on 28 U.S.C. Section 1332 in that this is a civil action between citizens of a different state, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. Wherein venue in this district is proper pursuant to 28 U.S.C. §1391(a) because a substantial portion of the events or omissions giving rise to the claim occurred in this district, and because the Defendant is subject to personal jurisdiction in this district.

## FACTS AND ALLEGATIONS

5. Allied World issued a Commercial Package Policy designated as policy no. 5200-0948-07 to Arya for the Policy Period of April 19, 2021 to April 19, 2022 (the "Policy").

6. Section IV – Commercial General Liability Conditions, subpart 2(c), of the Policy (the "Cooperation Provision") states as follows:

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
(2) Authorize us to obtain records and other information;
(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

7. In early March 2023, Allied World became aware of an incident at the Courtyard by Marriott in Riverside, California (the "Hotel") that occurred on March 25, 2022. The incident allegedly involved, among other things, an interaction between a Hotel guest, Miranda Berlic, and a security guard at the Hotel. Arya purportedly provided private security services for the Hotel.

8. On March 6, 2023, an employee of Allied World's third-party administrator, Network Adjusters, Inc. ("NAI")—assigned to handle the adjustment of the matter under the Policy—reached out to Arya via phone call and email to discuss the matter and request certain information.

9. On March 8, 2023, the claim adjuster was able to speak with a representative of Arya, Hasena Nazarzai, who advised that she was in the process

2
**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

of moving and not regularly online or in the office. The claim adjuster advised that the matter required her attention. The claim adjuster followed up the phone call with an email that reiterated the prior March 6, 2023 requests and included additional questions.

10. Multiple follow-ups were subsequently made by the claim adjuster, who also advised Ms. Nazarzai that it was very likely Ms. Berlic would be filing a lawsuit against Arya.

11. On or around March 21, 2023, a civil action captioned *Miranda Berlic v. Marriott International, Inc. et al.*, Case No. 23STCV06286, was filed in the Superior Court for the State of California, Los Angeles County (the "*Berlic* Action"). Arya is a defendant in the *Berlic* Action.

12. The *Berlic* Action relates to the March 25, 2022 incident at the Hotel.

13. On March 27, 2023, NAI received an email advising that Ms. Nazarzai would no longer be the primary Arya contact for this matter, and that future communications should be directed to Anahi Hernandez. NAI responded that it has been waiting for the information originally requested on March 6.

14. NAI, on behalf of Allied World, assigned defense counsel to Arya for the *Berlic* Action. On March 28, 2023, NAI emailed Ms. Hernandez to discuss the *Berlic* Action, introduce her to defense counsel, and reiterate the

numerous prior requests for information. NAI also left a voicemail with Arya's broker to request assistance in contacting Arya and/or to obtain alternate contact information. Follow-ups to Arya and the broker continued thereafter.

15. On April 12, 2023, NAI issued a reservation of rights letter to Arya. The letter was issued via email and certified mail. The letter advised that Arya's participation and cooperation in the investigation and defense of the *Berlic* Action was required, and warned that failure to participate and/or cooperate could result in Allied World denying coverage. Arya did not respond to this letter.

16. NAI continued reaching out to Arya. When someone did pick up phone calls, the response was often that Ms. Hernandez was in a meeting and unavailable. Despite NAI noting the urgency of the situation, Ms. Hernandez did not respond.

17. By letter dated September 22, 2023, *i.e.*, over six months after initially contacting Arya and making information requests, NAI issued a letter to Arya noting that "[s]ince the inception of the subject claim, we have not received any responses to our inquiries, which are necessary to our investigation into this matter and the defense of [the case]." Of note, the September 22 letter also warned Arya that failure to cooperate could result in Allied World denying coverage for the *Berlic* Action. The September 22 letter was sent via email and

certified mail.

18. NAI has not been alone in its efforts to contact Arya. Defense counsel assigned by NAI (on behalf of Allied World) to defend the insured in the *Berlic* Action has also made repeated attempts at obtaining information. By way of example only, on May 9, 2023, defense counsel issued a letter to Ms. Hernandez and Arya attaching NAI's April 12, 2023 letter and requesting that a response be given. That letter is labeled as having been issued via email and personal service. No response was provided.

19. Arya's lack of cooperation is prejudicing defense counsel's ability to defend the case, which, in turn, is prejudicing Allied World. And in fact, Arya is presently not in good standing with the California Franchise Tax Board, such that the entity is deemed suspended. Therefore, defense counsel cannot continue representing Arya in the *Berlic* Action, and Arya's failure to cooperate is having a direct adverse impact on the defense of the case.

20. Arya's lack of cooperation is also prejudicing Allied World's ability to fully investigate the scope and extent of coverage afforded for the *Berlic* Action.

21. Arya has therefore breached its obligations under the Policy's Cooperation Provision, particularly with respect to Section IV.2.(c)(3), which requires the insured to "[c]ooperate with [the insurer] in the investigation or

5
**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

10322279

settlement of the claim or defense against the 'suit'[.]"

22. NAI's exhaustive efforts, on behalf of Allied World, to obtain assistance and cooperation from Arya have now been unsuccessful for well over a year. Given this, Allied World has no choice but to file this coverage action and prosecute Arya's breach of the Policy.

## COUNT I

## Breach of Contract

23. Allied World incorporates by reference the allegations of paragraphs 1 through 22, above, as if set forth in full herein.

24. For over a year, Allied World, through NAI, has repeatedly made reasonable requests to Arya for information, assistance, and/or cooperation pertaining to the investigation and/or defense of the *Berlic* Action. Defense counsel has also repeatedly made similar reasonable requests to Arya, in an effort to effectively defend Arya in the matter.

25. Arya has wholly failed to respond to Allied World and defense counsel's reasonable requests.

26. Thus, Arya is in breach of the Cooperation Provision, a condition precedent for coverage under the Policy.

27. This Court should therefore declare that Arya is in breach of its duty to cooperate under the Policy, relieving Allied World of its coverage obligations

6
**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

10322279

to Arya for the *Berlic* Action.

## COUNT II

### Declaratory Judgment

28. Allied World incorporates by reference the allegations of paragraphs 1 through 27, above, as if set forth in full herein.

29. An actual controversy now exists between Allied World and Arya concerning the existence and extent of any obligations owed by Allied World to defend and/or indemnify Arya in connection with the *Berlic* Action. Allied World contends that due to Arya not cooperating with the defense and investigation of the *Berlic* Action, Allied World has been prejudiced and does not owe coverage to Arya for the *Berlic* Action.

30. A judicial determination of these issues and of the duties of Allied World is necessary and appropriate at this time under the circumstances because Arya is a defendant in the *Berlic* Action.

## PRAYER

WHEREFORE, Allied World prays for relief as follows:

31. That the Court find that Arya has breached its obligations under the Policy's Cooperation Provision, relieving Allied World of any obligations it otherwise would have owed under the Policy for the *Berlic* Action;

32. That the Court declare that Allied World does not owe coverage

to Arya for the *Berlic* Action, on account of Arya's failure to satisfy its obligations under the Policy;

33. For costs of suit incurred herein;

34. For attorneys' fees; and

35. For such other and further relief as the Court deems just and proper.

DATED: August 12, 2024

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By: /s/ Nicole Sheth
Nicole Sheth, Esq.
Attorneys for Plaintiff
Allied World Surplus Lines Insurance Co.

8
**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

10322279