UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01703-SSS-DTBx | Date | August 21, 2024 |
| Title | *Allied World Surplus Lines Insurance Co. v. Arya Security Servs., Inc.* | | |

Present: The Honorable     SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Allied World Surplus Lines Insurance Company sues Defendant Arya Security Services, Inc. for breach of contract. [Dkt. 1, Compl.]. Allied World alleges this Court has diversity jurisdiction over this matter. [*Id.* ¶ 3]. Relevant here, it alleges "the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs." [*Id.*].

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). This amount is generally determined from the face of the pleadings. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Conclusory allegations of the amount in controversy are insufficient to invoke diversity jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). The party who invokes jurisdiction bears the burden of demonstrating its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, apart from the single conclusory allegation that the amount in controversy exceeds $75,000, Allied World fails to allege any facts to infer the jurisdictional threshold is met here. Accordingly, Allied World is **ORDERED TO SHOW CAUSE** in writing why this case should not be dismissed for lack of subject matter jurisdiction. Allied World's response is due **August 30, 2024**. A hearing is set on this matter for **September 6, 2024**, at 1:00 p.m., via Zoom video conference.

**IT IS SO ORDERED.**